UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBRA HOOKER,

    Plaintiff,

        v.                                    Case No. 14-cv-354-JPG-PMF

RIM HOSPITALITY,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for leave to proceed *in forma pauperis* (Doc. 2), motion for recruitment of counsel (Doc. 3) and motion for service of process at government expense (Doc. 4) filed by plaintiff Debra Hooker.

**I.**    **Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2)**

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Hooker's affidavit that she is indigent. Furthermore, the Court

does not believe that this action is frivolous or malicious.   Therefore, the Court **GRANTS** the motion to proceed on appeal *in forma pauperis* without prepayment of fees and costs (Doc. 2).

## II.        Motion for Service of Process at Government Expense (Doc. 4)

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person.   Fed. R. Civ. P. 4(c)(3).

If the plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff.   Costs of service shall be borne by the United States.

## III.       Motion for Recruitment of Counsel (Doc. 3)

Whether to recruit an attorney to represent an indigent civil litigant is within the sound discretion of the district court.   *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).   There is absolutely no right to appointment of counsel in a civil case.   *Pruitt*, 503 F.3d at 656-57.   Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*.   *Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649.   Local Rule 83.1(i) obligates members of the bar of this Court to accept appointments, provided an appointment is not made more than once during a 12-month

2

period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself.  *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).   "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Id.* at 655.   In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

Plaintiff has not demonstrated that she has made reasonable attempts to retain counsel and has not shown that she was effectively precluded from making a diligent effort in this regard.   She has stated that she is waiting for one attorney to call her back, but inquiring of one attorney is not enough to show a diligent effort to find counsel.   The Court notes that attorneys often take the kind of case the plaintiff has brought on a contingency fee basis and that the plaintiff will likely be able to find counsel to represent her should her case have a likelihood of success.   For this reason, the Court **DENIES without prejudice** the motion for appointment of counsel (Doc. 3).   She may reapply if she is unsuccessful in locating counsel on her own after making a diligent effort to obtain representation.

**IT IS SO ORDERED.**
**DATED: March 31, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**